[601 NYS2d 18]

In the Matter of MYRON FOX, an Attorney, Respondent. GRIEV-
ANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Peti-
tioner.

Second Department, August 2, 1993

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Westbury *(Grace D. Moran* of coun-
sel), for petitioner.

*Kenneth Ross Wolfe,* Garden City, for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent was charged with 10 allegations of professional misconduct. The Special Referee sustained the 10 charges of misconduct. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to (1) reject the report of the Special Referee; (2) dismiss the petition filed against the respondent; (3) appoint a new Special Referee to take testimony in accordance with the previous order of this Court; and (4) remit the matter to the Special Referee for the purpose of taking testimony in accordance with the previous order of this Court; or in the alternative, in the event this Court confirms in whole or in part the report of the Special Referee, to take into consideration the respondent's previously unblemished record of over 40 years as a member of the Bar in imposing a sanction.

Charge One alleges that while representing a client in the sale of real property, the respondent deposited the purchaser's $30,000 down payment into his interest-bearing escrow account without the knowledge and consent of the purchasers or their attorney.

Charge Two alleges that the respondent wrongfully converted funds. On July 23, 1987, the respondent properly released to his client $20,000 of the $30,000 being held in his interest-bearing escrow account. Thereafter, the respondent released an additional $7,200 to his client without the knowledge or consent of the purchasers.

Charge Three alleges that the respondent wrongfully converted funds held in escrow. On or about July 13, 1987, at a time when the respondent was required to hold $30,000, the balance in the respondent's account fell to $11,350.11.

Charge Four alleges that the respondent violated his fiduciary responsibilities as an escrowee. At or before the title closing of a real estate transaction in which the respondent represented the seller, the parties and their attorneys orally agreed that $500 of the purchase price tendered by the purchasers would be withheld from the seller and held in escrow by the respondent. Thereafter, the respondent released the $500 escrow to his client without the knowledge, consent or authorization of the purchasers or the purchasers' attorney.

Charge Five alleges that the respondent gave false and misleading testimony, under oath, with respect to the parties' agreement that $500 would be held in escrow after the closing.

Charges Six, Seven and Eight allege that the respondent gave false and misleading responses to the legitimate inquiries of the Grievance Committee.

Charge Nine alleges that respondent converted client funds, in that he deposited escrow funds into an interest-bearing escrow account and then retained the interest without the knowledge, consent or authorization of the parties who had an interest in the escrow funds.

Charge Ten alleges that the respondent failed to maintain complete records of all funds of clients entrusted to him.

We have reviewed the evidence and find that the Special Referee properly sustained all 10 charges of misconduct. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have considered the facts that the respondent had an unblemished record during his 40 years of practice and that he did not personally retain or utilize any of the misappropriated funds. The misappropriation of funds in Charge Two occurred when the respondent violated his fiduciary duty as an escrowee by improperly releasing $7,200 to his client. The misappropriation of funds in Charge Three occurred when the respondent purchased a bond for a client with funds being held in escrow, prior to the receipt of a certified check designated for that client, thereby causing the balance in his escrow account to fall below that which he was required to maintain. The anticipated funds were received in his escrow account three days later. With respect to Charge Nine, it is noted that all interest retained in the respondent's escrow account had been, at the time of the disciplinary hearing, disbursed to those clients upon whose money it was earned. In consideration of these factors, it is the decision of this Court that the respondent be suspended from the practice of law for a period of five years.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and ROSENBLATT, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion to, *inter alia,* reject the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent Myron Fox is suspended from the practice of law for a period of five years, commencing September 1, 1993, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent Myron Fox is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.